UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ ) | | |
| UNITED STATES OF AMERICA ) | | |
| ) | | |
| v. ) | CR. NO. 04-10231-MLW | |
| ) | | |
| PETER MAGGIO, et al, ) | | |
| _____) | | |

**MEMORANDUM IN SUPPORT OF DEFENDANT LOUIS A. PARADISO'S
MOTION TO REQUIRE THE GOVERNMENT TO PRESENT A
PROFFER OF PROOF ON CO-CONSPIRATOR DECLARATIONS**
_____

Defendant Louis A. Paradiso requests this Court to require the government to present a proffer of proof on the co-conspirator declarations and conspiracy evidence it intends to offer at trial. The advantage of requiring the government to present a proffer in this case is two-fold. First, it will avoid a mistrial if this Court rules against the government when making its Petrozziello ruling, and second, it will promote judicial economy.

It is anticipated that the government will argue that the use of this procedure will not promote judicial economy and therefore is unwarranted in this case. However, as will be explained further below, it is within this Court's discretion to permit such a proffer, and requiring the government to present a proffer on the co-conspirator declarations and conspiracy evidence in this case will likely either avoid a trial altogether, or at least avoid a mistrial should the trial go forward.

In United States v. Andrus, 775 F.2d 825, 835 (1985)(Marshall, J., sitting by designation), the Seventh Circuit discussed favorably an alternative procedure to the procedure set forth in United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977) and United States v. Ciampaglia, 628 F.2d 632, 638 (1980) to determine preliminarily whether

the government can meet its burden under these cases.[1] The Seventh Circuit authorized requiring the government to present a proffer of proof on the co-conspirator declarations and the conspiracy evidence it will offer at trial prior to trial.

In Andrus the Seventh Circuit noted that this procedure has the advantage of economy in that witnesses will not be required and the court does not have to spend an excessive amount of time making its determination.  More importantly, if the government fails in its burden, this Court can avoid declaring a mistrial following the completion of an estimated six (6) week trial.

The use of this proffer procedure is within this Court's discretion.  See Fed. R. Evid. 104(a); Ciampaglia supra at 638, n. 3 (permitting judges to use alternative procedures pursuant to Rule 104 to determine admissibility under Rule 801).  By utilizing the procedure permitted in Andrus in this case, this Court can decide preliminarily whether the requirements of Petrozziello and Ciampaglia will be met if the government proves at trial what it proffers.

There is precedent in this Circuit permitting this procedure.  See United States v. Bernal, 884 F.2d 1518, 1522 (1989)(before the trial began, the court required the government to make an offer of proof and the court made the required *Petrozziello* ruling); United States v. Anguilo, 897 F.2d 1169, 1202 (1990)(to expedite the trial, the government drafted a list of statements it was seeking to introduce against defendant and after argument, the court issued a written *Petrozziello* ruling); United States v. MacKenzie, Docket No. 01-10350 (D. Mass. July 16, 2004) Docket Entry on November 20, 2003 (Judge Woodlock ordered the government to file a memorandum note to exceed 30 pages detailing the basis on which each defendant, separately considered, is a member of the conspiracy and at what

---

[1] In the Seventh Circuit the case of United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978) established the standard for admission of statements under Fed. R. E. 801(d)(2)(E) by quoting and adopting the standard set forth in Petrozziello.  Id. at 1134.

time each person joined the conspiracy, including information that would be set forth at a *Petrozziello* hearing).

This proffer procedure is particularly appropriate in this case where 1) there is no direct evidence that either defendant was a member of the conspiracy charged, and 2) the government is required to prove by a preponderance of the evidence that a conspiracy existed, that the defendants were members of the conspiracy at the time of any statement to be introduced was made, and that the declaration was in furtherance of the purposes of the conspiracy prior to the introduction of any co-conspirator statements. See Ciampaglia supra at 638.

Moreover, in the event the government cannot sustain its burden under Petrozziello by means of a proffer, it is highly unlikely that it will be able to do so at trial. Thus, before beginning an estimated four (4) week trial, the policy of judicial economy strongly supports a proffer and preliminary determination at the outset on whether the government can meet its burden. Clearly, this procedure is preferable to a mistrial declared after a lengthy and protracted trial.

For these reasons, defendant Louis A. Paradiso respectfully requests this Court to require the government to present a proffer of proof on the co-conspirator declarations and the conspiracy evidence it intends to offer at trial prior to the trial of this case.

                Respectfully submitted
                By Defendant,
                LOUIS A. PARADISO
                By his attorney

                /s/ Scott P. Lopez
                Scott P. Lopez
                Law Office of Scott P. Lopez
                24 School Street, 8th Floor
                Boston, MA  02108
                (617) 742-5700

## CERTIFICATE OF SERVICE

I, Scott P. Lopez, hereby certify that on the 20th day of April, 2006, I served the within MEMORANDUM IN SUPPORT OF DEFENDANT LOUIS PARADISO'S MOTION TO REQUIRE THE GOVERNMENT TO PRESENT A PROFFER OF PROOF ON CO-CONSPIRATOR DECLARATIONS by electronic mail on the following counsel of record at the following address:

Victor Wild
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3100
Victor.Wild@usdoj.gov

    /s/ Scott P. Lopez
Scott P. Lopez