UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
**UNITED STATES OF AMERICA**          )
                                                    )
    **v.**                                          )      CR. NO.  04-10231-MLW
                                                    )
**PETER MAGGIO, et al,**               )
_____)

**DEFENDANT LOUIS PARADISO'S MOTION *IN LIMINE*
TO EXCLUDE UNFAIRLY PREJUDICIAL REFERENCE**
_____

Defendant Louis A. Paradiso moves this Court, pursuant to F.R.E. 403 and 404, to prohibit the government from eliciting any testimony or other evidence referring to the financial institutions involved in this case as "victims."

In support of this motion, defendant states, by and through undersigned counsel, the following:

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A *et seq.*, requires restitution in the case of conviction for certain crimes, including mail and wire fraud.  See 18 U.S.C. § 3663A(c)(1)(A)(ii).  The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense.…"  18 U.S.C. § 3663A(a)(2).  Since there can be no "offense" until there has been a conviction, there also can be no "victim" until there has been a conviction.  See Hughey v. United States, 495 U.S. 411, 422 (1990)("the statute is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction.").

Permitting the government to refer to the financial institutions involved in this case as "victims" would unfairly prejudice Mr. Paradiso because it conveys to the jury that Mr. Paradiso must have committed an offense because the financial institutions were

victimized. Conversely, referring to the financial as "victims" has absolutely no probative value and also permits the jury to infer that the financial institutions were the victim of a "bad act" by defendant.

Furthermore, if a witness refers to a financial institution as a "victim", said reference would be an impermissible legal opinion by a lay witness in violation of Fed. R. Evid. 701.

Finally, if the government's attorney refers to a financial institution as a victim, said comments would constitute impermissible vouching because it would allow the prosecutor to communicate to the jury that, in his personal opinion, the financial institutions involved are "victims" in this case.

WHEREFORE, defendant respectfully requests this Honorable Court to prohibit the government from eliciting any testimony or other evidence making any reference to the financial institutions involved in this case as "victims."

                Respectfully submitted
                By Defendant,
                LOUIS A. PARADISO
                By his attorney

                /s/ Scott P. Lopez
                Scott P. Lopez
                Law Office of Scott P. Lopez
                24 School Street, 8th Floor
                Boston, MA  02108
                (617) 742-5700

CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on the 20th day of April, 2006, I served the within DEFENDANT LOUIS PARADISO'S MOTION *IN LIMINE* TO EXCLUDE UNFAIRLY PREJUDICIAL REFERENCE by electronic mail on the following counsel of record at the following address:

Victor Wild
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3100
Victor.Wild@usdoj.gov

    /s/ Scott P. Lopez
    Scott P. Lopez

3