UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | ) CR. NO. 04-10231-MLW<br>) |
| PETER MAGGIO, et al, | )<br>) |

**DEFENDANT LOUIS PARADISO'S MOTION FOR
INDIVIDUAL *VOIR DIRE* IN CONJUNCTION WITH JURY QUESTIONNAIRE**
_____

Defendant, Louis A. Paradiso, by and through undersigned counsel, hereby moves this Honorable Court to conduct *voir dire* in this case by combining the following three methods:

(1) Question each juror orally on matters most likely to lead to a juror being excused for cause, such as hardship incident to the length and timing of the trial;

(2) Distribute a jury questionnaire (a proposed version of which is attached hereto as Exhibit A) to the remaining panel members; and

(3) Permit limited individual attorney-conducted *voir dire* for jurors for whom no consensus exists regarding being excused based upon responses to the questionnaire or questioning by the Court.

Defendant submits that *voir dire* conducted in this manner will thoroughly address key areas of possible juror bias without unduly prolonging jury selection. Thorough *voir dire* on bias is fundamental to selection of an impartial jury. A trial judge can abuse his or her discretion under Fed. R. Crim. P. 24(a) if the manner and scope of

*voir dire* does not reasonably assure that prejudice would be discovered if present. *See* United States v. Gillis, 942 F.2d 707, 709-10 (10th Cir. 1991) (error in failure to question potential jurors regarding bias arising from service on overlapping venires).

Absent thorough *voir dire*, defendant cannot intelligently exercise his peremptory challenges. "The Sixth Amendment guarantees defendants the right to an impartial jury. The questioning of prospective jurors at *voir dire* is critical to preserving that right. 'Without an adequate *voir dire*, the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the Court's instructions and evaluate the evidence cannot be fulfilled.'" Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981).

*Voir dire* is the defendant's only means to develop the information necessary to decide which juror to challenge peremptorily or for cause. "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable." Swain v. Alabama, 380 U.S. 202, 220 (1965). Both types of challenges are an essential part of the process of ensuring trial by a fair and qualified jury." *See* United States v. Greer, 968 F.2d 433, 441 (5th Cir. 1992)(en banc)(opinion of Higginbotham, J. and six other justices in favor of reversal).

The jury questionnaire, combined with follow-up questioning of individual jurors, will facilitate honest responses from members of the panel. Unless the examination method of potential jurors is reasonably designed to elicit honest responses, defendant's right to select an impartial jury has little meaning. "[E]ffective *voir dire* must expose potential bias and prejudice in order to enable litigants to facilitate the empanelment of an

impartial jury through the efficient exercise of their challenges." United States v. Noone, 913 F.2d 20, 32 (1st Cir. 1990).

Formulaic questions addressed publicly to the venire on matters of ethnic prejudice and bias in favor of law enforcement officers does not communicate genuine judicial concern with the subject matter of the questions. Instead, they tend to merely elicit socially correct responses that reduce the process of jury selection to form over substance.

WHEREFORE, defendant respectfully requests that this Honorable Court exercise its discretion and allow the attached jury questionnaire and individual *voir dire*.

> Respectfully submitted
> By Defendant,
> LOUIS PARADISO
> By his attorney
>
>   /s/ Scott P. Lopez
> Scott P. Lopez
> Law Office of Scott P. Lopez
> 24 School Street, 8th Floor
> Boston, MA  02108
> (617) 742-5700

CERTIFICATE OF SERVICE

    I, Scott P. Lopez, hereby certify that on the 21st day of April, 2006, I served the within DEFENDANT LOUIS PARADISO'S REQUEST FOR JURY INSTRUCTIONS by electronic mail on the following counsel of record at the following address:

Victor Wild
Assistant United States Attorney
United States Attorney Office
One Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3100
Victor.Wild@usdoj.gov

    /s/ Scott P. Lopez
    Scott P. Lopez