## INSTRUCTION NO.: 1

## Overview:  Wire Fraud

Mr. Paradiso is charged in Counts Two through Four with wire fraud in violation of 18 U.S.C. §1343.  You cannot convict Mr. Paradiso of wire fraud unless you are satisfied that the government has proven each of the following elements beyond a reasonable doubt:

(1) that he made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

(2) that he knew that the promises or statements were false;

(3) that the promises or statements were material to the scheme to defraud, that is, they would reasonably induce a person to part with money or property;

(4) that he knowingly and willfully participated in the scheme to defraud, if there was one;

(5) that he acted with the intent to defraud and had the actual intent to cheat or harm someone; and

(6) that he used, or caused to be used, interstate wire communications to carry out or attempt to carry out an essential part of the scheme to defraud.

---

Ninth Circuit Pattern Jury Instructions 8.101, 8.103;
*United States* v. *Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

**INSTURCTION NO.: 2**

**Overview: Mail Fraud**

Mr. Paradiso is charged in Count Five with mail fraud in violation of 18 U.S.C. §1341. You cannot convict Mr. Paradiso of mail fraud unless you are satisfied that the government has proven each of the following elements beyond a reasonable doubt:

(1) that he made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

(2) that he knew that the promises or statements were false;

(3) that the promises or statements were material to the scheme to defraud, that is, they would reasonably induce a person to part with money or property;

(4) that he knowingly and willfully participated in the scheme to defraud, if there was one;

(5) that he acted with the intent to defraud and had the actual intent to cheat or harm someone; and

(6) that he used, or caused to be used, the mails to carry our or attempt to carry out an essential part of the scheme to defraud.

---

Ninth Circuit Pattern Jury Instructions 8.101;
*United States*  v. *Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

## INSTRUCTION NO.: 3

## Scheme to Defraud

A scheme to defraud must be intended to deceive another, by means of false or fraudulent pretenses, representations, promises or other deceptive conduct. The government bears the burden to prove beyond a reasonable doubt that the defendant knowingly devised a scheme to defraud that was substantially the same as that alleged in the indictment. If the government proves a scheme to defraud, but that scheme to defraud is not substantially the same as the scheme to defraud charged in the indictment, you must find the defendant not guilty.

---

*McEvoy Travel Bureau, Inc.* v. *Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990);
First Circuit Pattern Jury Instructions 4.16, 4.17.

## <u>INSTRUCTION NO.: 4</u>

### <u>Scheme to Defraud/Requirement of Intended or Contemplated Harm</u>

Even if you find that misrepresentations were made, misrepresentations which amount to no more than deceit are insufficient to establish a scheme to defraud for purposes of either the mail fraud statute or the wire fraud statute.  Instead, the government must also prove beyond a reasonable doubt that Mr. Paradiso intended to harm, contemplated harm to, the financial institutions involved.  It does not suffice that a person realized that a scheme had the capacity to cause harm; instead the government must prove beyond a reasonable doubt that Mr. Paradiso had a conscious knowing intent to defraud and that he contemplated or intended harm to the named financial institutions.  If you find that Mr. Paradiso had no intent to harm any financial institution, then you must find Mr. Paradiso not guilty.

---

*United States* v. *Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999);
*United States* v. *Powers*, 168 F.3d 741, 746 (5th Cir. 1999);
*United States* v. *D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994);
*United States* v. *Starr*, 816 F.2d 94, 98 (2d Cir. 1987);
*United States* v. *Numisgroup Intern. Corp.*, 170 F.Supp.2d 340, 345 (S.D.N.Y. 2001), *aff'd* 368 F.3d 880 (2d Cir. 2004), *vacated on other grounds*, 125 S.Ct. 991 (2005);
Ninth Circuit Pattern Jury Instructions §8.101;
*But see* First Circuit Pattern Jury Instructions 4.16, 4.17;
*Also cf. United States* v. *Kenrick*, 221 F.3d 19, 27-29 (1st Cir. 2000).

**INSTRUCTION NO.: 5**

**Scheme to Defraud/Knowing and Willful Participation**

Even if you find that the scheme to defraud charged in the indictment existed, you may not convict Mr. Paradiso of mail or wire fraud unless you find that he knowingly and willfully participated in that scheme to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

---

*United States* v. *Yefsky*, 994 F.2d 885, 891-92 (1st Cir. 1993).

**INSTRUCTION NO.: 6**

**Scheme to Defraud/Breach of Contract Not a Scheme to Defraud**

The mere fact that a promise was broken is not evidence that the defendant did not intend to keep it when made; at most, this is evidence of breach of contract, not fraud.  Fraud requires much more than simply not following through on contractual or other promises.  It requires a showing of deception at the time the promise was made.  A subsequent breach is not in and of itself evidence of such intent.

---

*Corley* v. *Rosewood Care Center, Inc.,* 388 F.3d 990, 1007 (7th Cir. 2004);
*Soper* v. *Simmons Intern., Ltd,* 632 F.Supp.244, 249 (S.D.N.Y 1986).

## **INSTRUCTION NO.: 7**

### **Intent to Defraud**

Mr. Paradiso cannot be convicted of the mail or wire fraud offenses charged against him in the indictment unless you find unanimously beyond a reasonable doubt that he acted with the specific intent to defraud the financial institutions. Intent to defraud requires a willful act by the defendant with the specific intent to deceive or cheat. Unless the government proves to you beyond a reasonable doubt that Mr. Paradiso had the specific intent to deceive or cheat the named financial institutions, you must find Mr. Paradiso not guilty.

---

*Corley* v. *Rosewood Care Center, Inc.*, 388 F.3d 990, 1005 (7th Cir. 2004);
*United States* v. *Callipari*, 368 F.3d 22, 33 (1st Cir. 2004), *vacated on other grounds*, 125 S.Ct. 985 (2005);
*McEvoy Travel Bureau, Inc.* v. *Heritage Travel, Inc.*, 904 F.2d 786, 790 (1st Cir. 1990).

**INSTRUCTION NO.: 8**

**Intent to Defraud/Good Faith**

Since an essential element of the offenses charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of fraud. However, the defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. A person acts in good faith when he actually believed (1) that the plan would succeed, (2) that the promises made would be kept, and (3) that representations made would be fulfilled.

Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to fraud unless done with fraudulent intent. However deceptive or misleading a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant or caused to be made by a defendant is a good defense, however inaccurate a statement may turn out to be. Unless the government proves to you beyond a reasonable doubt that Mr. Paradiso did not act in good faith, you must acquit Mr. Paradiso.

---

*United States* v. *Callipari*, 368 F.3d 22, 33 (1st Cir. 2004);
*United States* v. *Smith*, 13 F.3d 1421, 1425-26 (10th Cir. 1994);
*United States* v. *Alkins*, 925 F.2d 541, 549 (2d Cir. 1991);
*United States* v. *Martin-Trigona*, 684 F.2d 485, 492 (7th Cir. 1982).

**INSTRUCTION NO.: 9**

**Materiality**

Even if you find that the scheme to defraud charged in the indictment existed and that false or fraudulent pretenses, representation or promises were made to carry it out, you cannot convict Mr. Paradiso unless the government has proved beyond a reasonable doubt that the false or fraudulent pretenses, representations, or promises that you find relate to a fact or matter that is material to the transaction involved. A material fact is one that because of its importance to the scheme alleged has a natural tendency to influence or is capable of influencing the decision-maker to whom it is addressed. Unless you find beyond a reasonable doubt that the representations or promises which the government has alleged were false and fraudulent were material to the decision of the financial institutions named in each count, then you must find Mr. Paradiso not guilty.

---

*Neder* v. *United States*, 527 U.S. 1, 16 (1999).

## **INSTRUCTION NO.: 10**

### **Materiality**

Even if you find beyond a reasonable doubt that false promises, statements, or representations were made, they cannot be found to have been material unless they go to the nature of the transaction itself.

---

*United States* v. *Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970);
*United States* v. *Numisgroup Intern. Corp.*, 170 F.Supp.2d 340, 345, 348 (S.D.N.Y 2001).

**INSTRUCTION NO.: 11**

**Use of Mails/Wires**

The use of the mails or wires must be part of the execution of the scheme.  The question is whether the mailing or use of the wires was part of the execution of the scheme as conceived by the defendant at the time.  If it was not, then the defendant must be found not guilty.

---

*Schmuck* v. *United States,* 489 U.S. 705, 710 (1989);
*United States* v. *Pimental*, 380 F.3d 575, 586 (1st Cir. 2004);
*United States* v. *Sawyer*, 239 F.3d 31, 39-40 (1st Cir. 2001).

## INSTRUCTION NO.: 12

### Use of Mails/Wires

The mailings or use of the wires must be closely related to the scheme, and the scheme's completion must have depended in some way on the mailings or the use of the wires. If not, then the defendant must be found not guilty.

---

*United States* v. *Pacheco-Ortiz,* 889 F.2d 301, 305 (1st Cir. 1989);
*United States* v. *Greenleaf*, 692 F.2d 182 (1st Cir. 1982);
*United States* v. *Strong*, 371 F.3d 225, 230 (5th Cir. 2004).

## **INSTRUCTION NO.: 13**

### **Use of Mails/Wires**

The mailings or use of the wires must have been incident to an essential part of the scheme. If it was not, then the defendant must be found not guilty.

---

*Schmuck* v. *United States*, 489 U.S. 705, 710 (1989);
*United States* v. *Pimental*, 380 F.3d 575, 586 (1st Cir. 2004).

## <u>JURY INSTRUCTION NO. 14</u>

### <u>Aiding and Abetting Charge</u>

To find defendant guilty of aiding and abetting, the government must show both that the principal committed the underlying substantive crime and that the defendant associated himself with the venture, participated in it as something he wished to bring about and sought by his actions to make it succeed.

---

*United States v. Garcia-Rosa,* 876 F.2d 209, 217 (1st Cir. 1989);
*United States v. Lema*, 909 F.2d 561, 569 (1st Cir. 1990).

## JURY INSTRUCTION NO. 15

### Aiding and Abetting Specific Intent

To find defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt that the defendant in some way associated himself with the fraudulent scheme and that *he shared the criminal intent of the principal.*

The specific intent requirement of the crime of aiding and abetting requires that the defendant consciously share the principal's knowledge of the underlying criminal act; a general suspicion that an unlawful act may occur is not enough.

Thus, to find defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt that defendant consciously shared in the criminal intent of Peter Maggio to commit mail fraud or wire fraud.

In other words, the government must prove beyond a reasonable doubt that Louis Paradiso had knowledge that he was furthering a mail fraud or wire fraud scheme. A general suspicion on Paradiso's part that he was acting for some nefarious purpose is not enough to find him guilty of aiding and abetting mail fraud or wire fraud.

---

*United States v. Loder*, 23 F.3d 586, 591 (1st Cir. 1994);
*United States v. Serrano,* 870 F.2d 1, 6 (1st Cir. 1989);
*United States v. Valencia*, 907 F.2d 671, 680 (7th Cir. 1990);
*United States v. Barclay*, 560 F.2d 812 (7th Cir. 1997);
*United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990).

## JURY INSTRUCTION NO. 15

## Alternate Good Faith Instruction

The government must prove beyond a reasonable doubt that each defendant participated in and acted knowingly with an intent to deceive or defraud. A defendant does not act with intent to deceive or defraud by accidentally doing something or mistakenly doing something or doing something in good faith. Being in the wrong place at the wrong time, happening to be at a certain place at a certain time, does not make a person a willing, active participant. A person must act knowingly with an intent to deceive or defraud.

Fraudulent intent is never assumed or presumed. It is personal intent. One can be charged only with what that person intends, not the intent of some other persons. Bad faith is essential. Good faith is a defense.

One who acts with honest intentions, mistake, accident, inadvertence cannot be charged with fraudulent intent. Fraudulent intent is only established when the person knowingly and intentionally attempts to deceive another.

Unless the government proves to you beyond a reasonable doubt that Mr. Paradiso did not act in good faith, you must acquit Mr. Paradiso.

---

Adapted from instruction approved in *United States v. Nivica*, 887 F.2d 1110, 1124 (1st Cir. 1989).

## JURY INSTRUCTION NO. 16

## Multiple Conspiracy Instruction

Where persons have joined together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

In deciding whether a single overall conspiracy as charged in the indictment has been proven beyond a reasonable doubt you should look at whether there were multiple agreements reached, whether there were additions or withdrawals of alleged conspirators, and most significantly, whether the evidence shows beyond a reasonable doubt that all of the alleged conspirators directed their efforts toward the accomplishment of a common goal or overall plan.

Unless the government proves to you beyond a reasonable doubt that Mr. Paradiso was involved in the single overall conspiracy charged in the indictment, you must acquit Mr. Paradiso.

---

Adapted from instruction discussed in *United States v. Brandon*, 17 F.3d 409, 449 (1st Cir. 1994).