**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )  **CR. NO.  04-10231-MLW** |
| | ) |
| **PETER MAGGIO, et al,** | ) |
| | ) |

**DEFENDANT LOUIS A. PARADISO'S**
**SUPPLEMENTAL SENTENCING MEMORANDUM**

Defendant, Louis A. Paradiso (hereinafter "Paradiso"), submits this supplemental sentencing memorandum, by and through counsel, on the narrow issue of "inter-defendant disparity."

A.    *United States v. Thurston* Allows This Court To Consider Jeffrey DeVeau's
Reduced Sentence Even Though DeVeau and Paradiso Are Not Similarly Situated.

In United States v. Thurston, 456 F.3d 211, 219-220 (1st Cir. 2006) the First Circuit sanctioned a district court's consideration of a inter-defendant disparity even where the defendants are not similarly situated.  Specifically, the First Circuit reasoned that "[A] sentencing court could plausibly conclude that extremely divergent sentences would undermine the accepted notion that similar conduct should be punished in a somewhat similar manner" even though co-defendants are not similarly situated. Id.  Thus, Thurston recognized that extreme disparities in sentences imposed on coconspirators could undermine respect for the law even where they were not similarly situated.  Id.

In this case, Jeffrey DeVeau was given the opportunity to cooperate with the government and, as a result, received a sentence of one year and one day, even though his offense conduct

makes him far more culpable that Louis Paradiso, who, under the advisory guidelines, is facing a 24 to 30 month sentence of incarceration.

At the outset, Paradiso notes that, in two significant respects, he can be viewed as similarly situated with Jeffrey DeVeau.  Like DeVeau, Paradiso entered a plea of guilty and relieved the government of the burden of preparing for trial.  Second, Paradiso did assist the government in this case and, in particular, at this sentencing hearing, by testifying against Peter Maggio.  However, unlike DeVeau, he has received no consideration from the government for his assistance during the sentencing hearing of Peter Maggio.

Nevertheless, Paradiso anticipates that DeVeau will not be deemed similarly situated with Paradiso because DeVeau was given the opportunity to cooperate and Paradiso was not.  Also, DeVeau's cooperation was sufficient to qualify for a U.S.S.G. § 5K1.1 substantial assistance motion and, according to the government, Paradiso's cooperation was not.   However, notswithstanding the fact that DeVeau and Paradiso, like the co-defendants in Thurston, are not similarly situated, the reasoning in Thurston allows this Court to consider whether the disparity between DeVeau's sentence and Paradiso's guideline range is extreme enough to undermine respect for the law.

B.    A Sentence Of Probation With Conditions Of Home Confinement Are More Than Sufficient To Serve The Purposes of Sentencing And Preserve The Appearance Of Justice In This Case.

This is little doubt that DeVeau's conduct in this case makes him far more culpable than Paradiso.  Accordingly, to preserve the appearance of justice in this matter, DeVeau's sentence should be viewed at the high end of any sentence that  should be imposed on Paradiso.

However, without repeating what has already been submitted, it is clear that Paradiso's individual situation should warrant a sentence of probation, with at most, a period of home

confinement.  A sentence of probation with a period of home confinement is more than sufficient to reflect the seriousness of Paradiso's conduct, to afford an adequate deterrence to his future conduct, to protect the public from further crimes by Paradiso, to avoid an unwarranted disparity between his sentence and those of his co-defendants, and to adequately reflect his first-offender status.

At the end of the day, this Court must make a judgment call as to whether a sentence of probation, with conditions as deemed appropriate by the Court, will satisfy the purposes of sentencing this individual defendant, Louis Paradiso.  Conversely, this Court must make a judgment call as to whether a sentence of imprisonment is necessary to satisfy the purposes of sentencing this defendant.  Under all the circumstances in this case, and in light of Paradiso's first-offender status, low risk of re-offense, and to promote respect for the law by preserving the appearance of justice, Paradiso respectfully submits that a sentence of probation is an appropriate sentence.

WHEREFORE, Mr. Paradiso respectfully requests the Court to impose a sentence of probation with any additional conditions the Court deems necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted
By Defendant,
LOUIS A. PARADISO
By his attorney,

   /s/ Scott P. Lopez
Scott P. Lopez
Law Office of Scott P. Lopez
24 School Street, 8th Floor
Boston, MA  02108
(617) 742-5700

Dated:  November 17, 2006

3

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2006.

                                    /s/ Scott P. Lopez
                                    Scott P. Lopez